J-S18009-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KEITH ALAN HOFFA | : | |
| | : | |
| Appellant | : | No. 989 MDA 2025 |

Appeal from the PCRA Order Entered June 30, 2025
In the Court of Common Pleas of Dauphin County Criminal Division at
No(s):  CP-22-CR-0001420-2018

BEFORE:  DUBOW, J., BECK, J., and BENDER, P.J.E.

MEMORANDUM BY DUBOW, J.:                          **FILED JULY 08, 2026**

Appellant, Keith Alan Hoffa, appeals from the June 30, 2025 order entered in the Dauphin County Court of Common Pleas dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-46.  After careful review, we affirm.

The relevant facts and procedural history are as follows.  In 2018, the Commonwealth charged Appellant in connection with sex-related crimes perpetrated against seven underage victims between the ages of 8 and 16.  Appellant committed the crimes between 1996 and 2016 in Juniata and Dauphin Counties.  On May 30, 2019, Appellant filed a motion for severance requesting that Appellant receive a separate trial for each victim.  After a hearing, the court denied Appellant's motion.

On November 18, 2019, Appellant filed a motion for disclosure of grand jury testimony, requesting:  any transcripts of testimony of witnesses that the

Commonwealth intended to call at trial, any exculpatory transcripts of testimony, and any exculpatory physical evidence presented to the grand jury. The court granted Appellant's motion.

On December 9, 2019, Appellant appeared for jury selection. After more than 30 jurors were stricken for cause, Appellant raised concerns with trial counsel because of the opinions expressed by the stricken jurors concerning perpetrators of sexual abuse. During a recess in selection, trial counsel alerted the court that Appellant wished to waive his right to a jury and proceed with a bench trial instead. Later that day, the trial court conducted an on-the-record waiver colloquy and Appellant indicated that he wished to proceed without a jury.

On December 11, 2019, at the conclusion of the bench trial, the court convicted Appellant of fifteen counts including, *inter alia*, Rape of a Child and Indecent Assault – Person Less than 13 Years of Age. On March 4, 2020, the court sentenced Appellant to 63 to 126 years of incarceration. On September 21, 2021, this Court affirmed the judgment of sentence. **Commonwealth v. Hoffa**, 2021 WL 4281302 (Pa. Super. filed Sept. 21, 2021) (non-precedential memorandum), *petition for allowance of appeal denied*, 273 A.3d 505 (Pa. 2022).

On March 28, 2022, Appellant *pro se* filed a "Petition to Correct Illegal Sentence," which the court treated as a PCRA petition and appointed Christopher Wilson, Esquire, as PCRA counsel. On April 27, 2023, Appellant's PCRA counsel requested a discovery conference, which the court held on May

15, 2023. Following the conference, the PCRA court denied Appellant's request for discovery.

On June 30, 2023, Appellant filed a counseled "First Supplemental PCRA Petition" alleging ineffective assistance of trial counsel.[1] The PCRA court held two evidentiary hearings on March 25, 2024, and September 10, 2024, at which Appellant and his trial attorneys, Mary Klatt, Esquire, and Deanna Muller, Esquire, testified. Following the hearings, the court denied Appellant's PCRA petition as meritless.

This timely appeal followed. Appellant and the PCRA court complied with Pa.R.A.P. 1925.[2]

In his counseled brief, Appellant raises the following issues for our review:

1. Whether the PCRA [c]ourt erred and failed to [] follow the authority of *Commonwealth v. Callen*, 198 A.3d 1149 (Pa. Super. 2018) when it concluded that trial counsel was not ineffective for failing to raise a venue/jurisdictional challenge and in determining that the matters in Juniata County and Dauphin County arose from the same criminal episode. Further, any reliance on the hearsay statement contained in the Commonwealth's filing purporting to be coordination between the two counties, was not competent testimony, and would not cure the lack of the same criminal episode, or crime spree, failure[?]

2. Whether the PCRA [c]ourt erred when it concluded that trial counsel was not ineffective for failing to challenge and seek to

---

[1] Appellant subsequently filed two additional supplemental PCRA petitions on August 25, 2023, and February 19, 2024.

[2] In its Rule 1925(a) opinion, the PCRA court directs us to its June 30, 2025 opinion dismissing Appellant's PCRA petition.

quash the defective grand jury indictment when the Commonwealth failed to follow 42 Pa.C.S. [§] 4544 and Supreme Cour[t] authority found in **Commonwealth v. Levinson**, 389 A.2d 1062 (Pa. 1978)[?]

3. Whether the PCRA [c]ourt erred when it concluded that trial counsel was not ineffective for failing to explain all of 3 the rights given up, the matters that were waived, and the chances of prevailing at a jury trial versus a bench trial, along with only discussing his rights for only a 1–2-minute timeframe[?]  Thus, the PCRA [c]ourt erred in failing to conclude that the advice given fell below the required standards to waive a bedrock constitutional right.

4. Whether the PCRA [c]ourt erred when it concluded that trial counsel was not ineffective for failing to obtain discoverable materials before trial involving the computer hard drive, the cell phones taken, the full grand jury transcript, and the sealed file and plea deal (and potential **Brady v. Maryland**, 373 U.S. 83 (1963) material) related to the disposition of [co-d]efendant Jamie Hoffa[?]

5. Whether the PCRA [c]ourt erred when it failed to conclude that trial counsel was ineffective for resting the defense case without calling a subpoenaed witness and without requested assistance from the Sheriff's office or requesting that the case reconvene the next morning[?]

6. Whether the PCRA [c]ourt erred by failing to find that structural ineffectiveness or cumulative prejudice even if the discovery and witness issues, along with the limited preparation prior to the waiver of jury trial, standing alone did not rise to the level of prejudice and individually to warrant a new trial[?]

7. Whether the PCRA [c]ourt erred and abused discretion when it failed to find the instant case involved exceptional circumstances allowing and requiring discovery[?]

Appellant's Br. at 3-5.

We review an order denying a petition for collateral relief to determine whether the PCRA court's decision is supported by the evidence of record and free of legal error.  **Commonwealth v. Fears**, 86 A.3d 795, 803 (Pa. 2014).

- 4 -

"This Court grants great deference to the findings of the PCRA court if the record contains any support for those findings." *Commonwealth v. Anderson*, 995 A.2d 1184, 1189 (Pa. Super. 2010).

To prevail on a petition for PCRA relief, a petitioner must plead and prove, by a preponderance of the evidence, that his conviction or sentence resulted from one or more of the circumstances enumerated in 42 Pa.C.S. § 9543(a)(2). These circumstances include ineffective assistance of counsel, which "so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." *Id.* at 9543(a)(2)(ii).

The law presumes counsel has rendered effective assistance. *Commonwealth v. Rivera*, 10 A.3d 1276, 1279 (Pa. Super. 2010). "[T]he burden of demonstrating ineffectiveness rests on [the] appellant." *Id.* To satisfy this burden, the appellant must plead and prove by a preponderance of the evidence that: (1) the underlying claim has arguable merit; (2) no reasonable basis existed for counsel's actions or failure to act; and (3) there is a reasonable probability that the outcome of the challenged proceeding would have been different absent counsel's error. *Commonwealth v. Fulton*, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's claim. *Id.*

To establish the prejudice prong, the petitioner must prove a reasonable probability that the outcome of the relevant proceedings would have been different but for counsel's action or inaction. *Commonwealth v. Busanet*,

54 A.3d 35, 46 (Pa. 2012). Importantly, "counsel cannot be deemed ineffective for failing to raise a meritless claim." **Fears**, 86 A.3d at 804.

\*\*\*

Appellant first asserts that trial counsel was ineffective for failing to raise the issue that "venue was not proper for Dauphin County" for the offenses that occurred in Juniata County. Appellant's Br. at 31. Appellant argues that "[t]his matter involves two separate non-contiguous counties where alleged criminal acts of abuse were decades apart" and that, therefore, the charges did not arise from the same criminal episode sufficient to be properly tried together in Dauphin County. **Id.**

Generally, venue in a criminal action properly belongs in the place where the crime occurred. Pa.R.Crim.P. 130(A). Nevertheless, "[w]hen charges arising from the same criminal episode occur in more than one judicial district," criminal proceeding on all the charges may be brought in any of the judicial districts in which the charges occurred. **Id.** at 130(A)(3).[3] In other words, "a condition precedent to the exercise by a single county to jurisdiction in a case involving multiple offenses in various counties is[ ]the offense must constitute a single criminal episode." **Commonwealth v. Witmayer**, 144 A.3d 939, 946 (Pa. Super. 2016) (citation omitted).

---

[3] In his reply brief, Appellant argues that "Rule 130 was never followed," citing to the rule regarding transfer of proceedings. Appellant's Reply Br. at 1-4 (citing Pa.R.Crim.P. 130(B)). Appellant also cites to Rule 582, which governs joinder of separate indictments or informations. Appellant's Reply Br. at 5-6 (citing Pa.R.Crim.P. 582). However, this case did not involve the transfer of proceedings or the joinder of indictments or informations.

"If a number of charges are logically or temporally related and share common issues of law and fact, a single criminal episode exists.  When we ascertain whether a number of statutory offenses are 'logically related' to one another, the court should initially inquire as to whether there is a substantial duplication of factual, and/or legal issues presented by the offenses."  *Id.* (internal citation and some quotation marks omitted).  In making this determination, the temporal relationship between criminal acts will be a factor; "[h]owever, the definition of a 'single criminal episode' should not be limited to acts which are immediately connected in time."  *Id.* at 947.

The PCRA court reviewed Appellant's claim and concluded that counsel was not ineffective for failing to challenge venue because the underlying claim lacked merit.  PCRA Ct. Op., 6/30/25, at 16.  The PCRA court highlighted that the charges were properly joined and tried in Dauphin County because "all charges involve[d] sexual offenses involving minors and [arose] out from similar circumstances and schemes[.]"  *Id.*

Appellant likens this case to **Commonwealth v. Callen**, 198 A.3d 1149 (Pa. Super. 2018), in which this Court held that the appellant's crimes did not arise out of a single criminal episode because the temporal relationship between the crimes was attenuated and there "was no identity of factual background and no series of transactions with either an immediate or remote connection."  *Id.* at 1161.  Appellant attempts to identify a "gap" in time between his abuse of the victims in this case, argues that the counties are

"not even contiguous," and distinguishes the "brutal rape" of one victim from the sexual assaults suffered by the other victims. Appellant's Br. at 31-35.

These arguments are unavailing. Based on our review of the record, we find no error in the trial court's conclusion that Appellant engaged in the same methods of identifying and luring each victim and the same escalating pattern of inappropriate conduct over a continuous period from 1996 to 2016 sufficient to comprise a single criminal episode. Therefore, Appellant's underlying claim of improper venue lacks merit and "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Fears*, 86 A.3d at 804.

Additionally, while Appellant asserts that he should have been "afforded trials in both Juniata County and Dauphin County," Appellant fails to identify how the outcome of the proceedings would have been different had counsel raised a challenge to venue and obtained such a bifurcated trial. Appellant's Br. at 35. Appellant has also, therefore, failed to identify how he suffered prejudice from counsel's failure to challenge venue.

**\*\*\***

Appellant next asserts that trial counsel was ineffective for failing to challenge and to seek to quash the grand jury indictment because he claims that the Dauphin County investigating grand jury impermissibly "operated as a multi-county [g]rand [j]ury" and heard testimony pertaining to crimes committed in both Dauphin and Juniata Counties. *Id.* at 40.

Generally, a county investigating grand jury has "the power to inquire into offenses against the criminal laws of the Commonwealth alleged to have

been committed within the county or counties in which it is summoned." 42 Pa.C.S. § 4548. "However, the legitimate underlying purpose for which the grand jury is convened does not hinder investigations into other matters which may be brought before it. If, during an investigation of ongoing criminal activity, a grand jury comes upon criminal activity which has been completed, it is not required to close its eyes thereto." *Commonwealth v. McCauley*, 588 A.2d 941, 945 (Pa. Super. 1991). "Once a grand jury is properly impaneled, the purpose for which a grand jury is convened does not restrict the grand jury from investigating actions which constitute either criminal activity or probable violations of the criminal laws of the Commonwealth." *Commonwealth v. Sandusky*, 203 A.3d 1033, 1091 (Pa. Super. 2019) (citation and internal quotation marks omitted). "Rather, all that need be alleged in an application for submission of an investigation to any grand jury, county or multi-county, is that the matter in question requires the investigative resources of the grand jury." *Id.* at 1092 (citations omitted).

Here, the court properly impaneled an investigative grand jury in Dauphin County. Once that grand jury began its investigation of ongoing criminal activity in Dauphin County, it was not required to ignore evidence of Appellant's completed criminal activity in Juniata County, especially where Appellant engaged in a single criminal episode spanning both counties. Trial counsel, therefore lacked a meritorious basis for quashing the grand jury indictment and Appellant's claim of ineffective assistance fails to merit relief.

Additionally, while Appellant asserts that he should have had "at least three separate trials," Appellant fails to identify how the outcome of the proceedings would have been different had counsel challenged the indictment, beyond baldly stating that "there is no basis to conclude that [Appellant] was not prejudiced here." Appellant's Reply Br. at 9. Appellant has also, therefore, failed to identify how he suffered prejudice from counsel's failure to challenge the indictment. Appellant's claim of ineffective assistance fails to merit relief.

*** 

Appellant next claims that trial counsel provided ineffective assistance with regard to Appellant's waiver of his right to a jury trial. Appellant's Br. at 41-53. Appellant complains that, immediately prior to Appellant's waiver, trial counsel had only a "general conversation of less than two minutes where critical legal points were not discussed" *Id.* at 42. Appellant relies on Attorney Klatt's testimony at the PCRA hearing that:

> [Appellant] was somewhat disappointed or dissatisfied with a lot of feedback that he heard from the jurors. I discussed it with him at that point in time if he was uncomfortable with a jury trial that we could ask the judge if we could proceed with a bench trial. That was a relatively quick discussion. I don't know if he had time to reflect on that or not. At the time, it seemed in keeping with what the jury was saying. However, in hindsight, I would have explained to him that it was a positive thing that so many jurors were vocal and were struck.

*Id.* at 45-46 (citing N.T. Hr'g, 3/25/24, at 11). Appellant specifically asserts that trial counsel failed to advise him "that it was positive that [counsel] was able to excuse 25 jurors for cause" and that "he had virtually no chance of being acquitted at a bench trial[.]" *Id.* at 51-52.

- 10 -

"In all cases, the defendant and the attorney for the Commonwealth may waive a jury trial with approval by a judge of the court in which the case is pending, and elect to have the judge try the case without a jury. The judge shall ascertain from the defendant whether this is a knowing and intelligent waiver, and such colloquy shall appear on the record." Pa.R.Crim.P. 620.

"When a presumptively-valid waiver is collaterally attacked under the guise of ineffectiveness of counsel, it must be analyzed like any other ineffectiveness claim." **Commonwealth v. Mallory**, 941 A.2d 686, 699 (Pa. 2008). The analysis must focus on the totality of the circumstances, including the defendant's experience, his explicit waiver, and the content of discussions with counsel. **Id.** "[W]hen a defendant seeks to collaterally attack his waiver of a jury trial, on grounds that it was caused by the ineffective assistance of his trial counsel, to prove prejudice, he must demonstrate a reasonable probability that but for counsel's constitutionally deficient service, the outcome of the waiver proceeding would have been different, *i.e.,* that he would not have waived his right to a jury trial." **Id.** at 704.

The PCRA court found that Appellant knowingly and intelligently waived his right to a jury trial on the record and indicated to the trial court that he did not have any questions for the court or his attorneys. PCRA Ct. Op. at 12. The court found that Appellant "was very articulate while explaining his specific reasons for requesting a bench trial instead of a jury trial [and] explicitly explained that he wanted his case to be decided by facts and the law and not decided by emotional or inflamed jurors." **Id.** The court emphasized

- 11 -

that Appellant "also stated that he discussed the decision to proceed with a bench trial with his attorneys." *Id.* at 12-13. The PCRA court, thus, concluded that Appellant's "decision to proceed with a bench trial was clearly knowing, intelligent, and based on trial strategy." *Id.* at 14.

Based on Appellant's on-the-record colloquy, we agree with the trial court that Appellant's decision to proceed with a bench trial was knowing and intelligent. While Appellant claims that counsel was ineffective because of the brevity of their discussion prior to waiver, we note that Appellant had an established relationship with counsel and had previously discussed trial strategy in preparation for jury selection. Following his conversation with counsel and his observation of the jury selection process, Appellant was able to intelligently articulate his reasons for waiving a jury trial, stating: "I want the facts in the case decided based on the facts and the law, not emotions or inflammatory materials or theatrics [] and I feel I would get a fair shot at that going with a bench trial." N.T. Mot. And Waiver, 12/9/22, at 6.

Appellant has, therefore, failed to demonstrate a reasonable probability that a longer consultation with counsel would have altered the outcome of the waiver proceeding. While Appellant now believes that he had "virtually no chance" of being acquitted at a bench trial and would have fared better at a jury trial, "a claim of ineffectiveness ordinarily will not succeed through comparing, by hindsight, the trial strategy employed with alternatives not pursued." *Commonwealth v. Johnson*, 289 A.3d 959, 980 (Pa. 2023) (citation and quotation marks omitted). Appellant's claim fails to merit relief.

\* \* \*

Appellant next asserts that trial counsel provided ineffective assistance by failing to obtain and review certain discovery material. Appellant's Br. at 54-63. Appellant specifically identifies the downloads of his hard drive and cellular phones and information related to the indictment and disposition of charges against a defense witness. *Id.* Appellant speculates, for instance, that it would have helped his case "had an expert [] concluded that the materials found on the hard drive were placed by someone other than Appellant[.]" *Id.* at 59-60.

Appellant's claim amounts to mere speculation as to what discovery **could** have contained. Attorney Mueller testified that she and Attorney Klatt viewed the contents of Appellant's hard drive. N.T. PCRA Hr'g, 9/10/24, at 10. Additionally, Appellant admits that, prior to trial, the trial court granted Appellant's motion for disclosure of grand jury testimony, meaning that trial counsel obtained transcripts of testimony of witnesses that the Commonwealth intended to call at trial, exculpatory transcripts of testimony, and exculpatory physical evidence presented to the grand jury. *See* Appellant's Br. at 59. Appellant presents no reasonable basis for his belief that there was additional exculpatory material that trial counsel could have obtained. Appellant's claim fails to merit relief.

\* \* \*

Appellant next asserts that trial counsel provided ineffective assistance when counsel failed to present testimony from defense witness Todday

- 13 -

Pinkney. *Id.* at 63-64. Appellant argues that when Mr. Pinkney did not appear to testify on the last day of trial, counsel should have "brought [him] in via the enforcement mechanism of the Sheriff's office" or asked "to reconvene the next morning" instead of resting her case. *Id.*

"[T]rial counsel will not be found ineffective for failing to investigate or call a witness unless there is some showing by the appellant that the witness's testimony would have been helpful to the defense." *Commonwealth v. Brown*. 767 A.2d 576, 582 (Pa. Super. 2001). "A failure to call a witness is not *per se* ineffective assistance of counsel for such decision usually involves matters of trial strategy." *Id.* (citation omitted).

While Appellant baldly states that he was prejudiced, Appellant develops no argument and cites to no case law to support his assertion. *See* Appellant's Br. at 64. When briefing the various issues that have been preserved, it is an appellant's duty to present arguments that are sufficiently developed for our review. *Commonwealth v. Gould*, 912 A.2d 869, 873 (Pa. Super. 2006). This Court will not act as counsel and will not develop arguments on behalf of an appellant. *Id.* Moreover, when briefing defects impede our ability to conduct meaningful appellate review, we may find certain issues to be waived. *Id.*; Pa.R.A.P. 2101. Appellant has failed to develop his claim on appeal and it is, thus, waived.

\*\*\*

Appellant next asserts that he is entitled to a new trial due to the "structural lack of counsel" and cumulative prejudice resulting therefrom.

Appellant's Br. at 64-67. As we find, *supra*, that counsel provided effective assistance, Appellant's claim fails.

\*\*\*

In his last issue, Appellant asserts that the PCRA court erred when it denied Appellant's request for discovery after finding that exceptional circumstances did not exist sufficient to justify granting discovery. *Id.* at 68-73.

In PCRA proceedings, discovery is only permitted upon leave of court after a showing of exceptional circumstances. Pa.R.Crim.P. 902(E)(1). "The PCRA and the criminal rules do not define the term 'exceptional circumstances.' Rather, it is for the trial court, in its discretion, to determine whether a case is exceptional and discovery is therefore warranted." *Commonwealth v. Frey*, 41 A.3d 605, 611 (Pa. Super. 2012). "We will not disturb a court's determination regarding the existence of exceptional circumstances unless the court abused its discretion." *Id.*

The PCRA court heard argument and received briefing on this issue and determined that no such exceptional circumstances existed. Appellant's arguments to the PCRA court and on appeal amount to mere speculation that discovery will uncover exculpatory evidence. *See* Appellant's Br. at 70-73. "[M]ere speculation that exculpatory evidence might exist does not constitute an exceptional circumstance warranting discovery." *Frey*, 41 A.3d at 612. We conclude that the PCRA court did not abuse its discretion in denying Appellant's request for discovery.

Having found each of Appellant's issues either meritless or waived, we affirm the PCRA court's order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____

Benjamin D. Kohler, Esq.
Prothonotary

Date: 07/08/2026